# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EVELIA C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL,** <br> **Commissioner, Social Security** <br> **Administration**, <br><br> Defendant. | Case No. 6:18-cv-01429-SB <br><br> **OPINION AND ORDER** |

Merrill Schneider, Schneider Kerr & Robichaux, P.O. Box 14490, Portland, OR 97293. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Ave., Suite 600, Portland, OR 97204; Alexis L. Toma, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, Social Security Administration, 701 Fifth Ave., Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

**IMMERGUT, District Judge.**

Plaintiff Evelia C. appeals the Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § 401–34. On September 18, 2019, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation ("F&R") in this case, which recommended that this Court affirm the Commissioner's decision. ECF 16. The only issue presented on appeal is whether the Administrative Law Judge ("ALJ") erred in making the step five finding.

Plaintiff timely filed objections to the F&R. ECF 18. Defendant filed a response to those objections. ECF 19. This Court has reviewed de novo the portions of the F&R to which Plaintiff objected. For the following reasons, this Court adopts Judge Beckerman's F&R with the following explanation and AFFIRMS the Commissioner's decision.

## STANDARD OF REVIEW

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

**DISCUSSION**

Plaintiff's appeal centers on the ALJ's determination at step five of the sequential evaluation process used to determine whether an applicant is disabled as defined by the Social Security Act. ECF 13 at 3; ECF 18 at 2. Before proceeding to step five, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work but "should not work around hazards such as unprotected heights and dangerous machinery" and should be limited to occasional handling and fingering. ECF 12 at 25. At step five, the ALJ relied on the vocational expert's ("VE") testimony to find that Plaintiff retained the RFC to perform jobs that exist in significant numbers in the national economy including conveyor-line bakery worker (255,000 jobs), laminator machine offbearer (130,000 jobs), and usher (43,000 jobs). *Id.* at 29, 71. Plaintiff asserts that the ALJ erred in relying on that testimony because the VE's methodology for deriving those job numbers was erroneous.

In order to find that a claimant is not disabled at step five, the ALJ bears the burden of showing that the claimant can perform work that exists in significant numbers in the national economy. 20 CFR § 404.1520(g); *see Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999). To meet this burden, an ALJ may rely on VE testimony. *Tackett*, 180 F.3d at 1100–1101; 20 CFR § 404.1566(e); Social Security Ruling (SSR) 00-4p, available at 2000 WL 1898704. An ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"), including its companion publication, the *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles* ("SCO"). SSR 00-04p; *see Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017).

Plaintiff contends that the VE erroneously identified job numbers for a SCO occupational group rather than those for a specific occupation, such as conveyor-line bakery worker, as it appears in the DOT. ECF 13 at 5–7; ECF 15 at 2. In support, Plaintiff argues that the VE

PAGE 3 – OPINION AND ORDER

mistakenly stated that "SOC" [sic] groups include occupations with the same physical demands and skill levels (or Specific Vocational Preparation ("SVP") codes) as the corresponding DOT job codes. ECF 13 at 5. Plaintiff reasons, for example, that the VE provided a job number for the occupational group encompassing conveyor-line bakery worker and other occupations, rather than providing the number of jobs for the specific occupation of conveyor-line bakery worker alone. ECF 13 at 5–7. As a result, Plaintiff concludes that the VE's testimony that 255,000 conveyor-line bakery worker jobs exist in the national economy was erroneously inflated, and thus the ALJ's reliance on the testimony was not supported by substantial evidence. Therefore, Plaintiff asserts that the ALJ failed to carry the burden of proof at step five. *Id.*

Indeed, as the F&R noted, SCO groups do not necessarily encompass occupations with identical physical demands and SVP codes as the corresponding DOT code. ECF 12 at 73; ECF 16 at 6. Nevertheless, the F&R correctly concludes that the VE's misstatement did not necessarily taint his expert testimony. *Id.* Following a request for clarification by Plaintiff's attorney, the VE explained he did not rely exclusively on the SCO as the basis for his conveyor-line bakery job estimate. ECF 12 at 73-74. Rather, the VE testified that his analysis began with "a number of sources" including the SCO, "[a]nd then from there, we have methodology for coming up with approximation of numbers." *Id.* Therefore, it does not follow that the VE necessarily included in his testimony occupations with physical demands, skill levels, and limitations incompatible with Plaintiff's RFC. *Id*. When Plaintiff's attorney asked the VE to clarify whether his numbers were for a specific job attached to that DOT code or for occupationally similar jobs, the VE referred to spreadsheets that applied the methodology and confirmed the occupations he identified "would have the same fingering and handling requirements" as well as the same physical demand and the same SVP code. *Id*. at 74. The VE's

testimony, when reviewed in context, thus demonstrates that he relied on multiple sources to produce these job numbers. *Id.* Given this testimony, Plaintiff's assertion that the VE improperly relied on SCO groups to arrive at his job numbers is, at most, an alternative interpretation of the evidence which is insufficient to displace the ALJ's findings. *See Harper v. Berryhill*, No. 17-cv-04296-DMR, 2018 WL 6592446, at *5 (N.D. Cal. Dec. 14, 2018) (observing that plaintiff's claim that the VE improperly used an aggregated occupational group number was at best an alternative lay opinion). For the foregoing reasons, this Court finds that the ALJ's reliance on the VE's testimony was supported by substantial evidence and free from legal error.

Furthermore, even if the VE's job numbers for the occupation of conveyor-line bakery worker were erroneous, any such error is harmless because the ALJ identified two other jobs that claimant has the capability to perform: laminator machine offbearer and usher. ECF 12 at 29. In contrast to Plaintiff's insistence that one or both of those jobs is inconsistent with her limitations to occasional handling and avoidance of dangerous machinery, neither job requires abilities beyond those set forth in the RFC. According to both the DOT and SCO, the laminator machine offbearer job requires no more than occasional handling and does not entail exposure to moving mechanical parts. DOT 569.686-046, *available at* 1991 WL 683893. The VE opined that there were 130,000 laminator machine offbearer jobs in the national economy. ECF 12 at 71. Similarly, the occupation of usher does not require more than occasional handling and does not entail exposure to moving mechanical parts. DOT 344.677-014, available at 1991 WL 672865. The VE placed the number of usher jobs in the national economy at 43,000, noting that while the number was actually higher, he cut it in half to account for the fact that many usher jobs are only part-time. ECF 12 at 71. Discounted by half, at 43,000 jobs, the VE's estimate is commensurate with other vocational experts' figures. *See Angelica E. v. Saul,* No. 5:18-cv-01025-MAA, 2019

WL 3531272, at *2 (C.D. Cal. Aug. 18, 2019) (100,000 usher jobs nationally); *Jaquez v. Saul*, No. 18cv536-GPC(BGS), 2019 WL 4387327, at *4 (C.D. Cal. Sept. 13, 2019) (90,200 usher jobs nationally); *Kranicolas v. Comm'r,* No. 1:17-CV-1567, 2018 WL 2933864, at *6 (N.D. Ohio June 12, 2018) (90,000 usher jobs nationally). The consistency of the figures undermines Plaintiff's contention that the VE inflated the job numbers by reporting occupational groups rather than the specific occupations of laminator machine offbearer and usher.

In any case, Plaintiff does not specifically contest the job numbers as to those occupations,[2] nor does Plaintiff's argument demonstrate that the testimony provided as to as to the laminator machine offbearer or usher jobs was erroneous. Therefore, even if Plaintiff persuaded this Court that the ALJ erred in relying on the VE's job numbers for the conveyor-line bakery worker job, any such error was harmless based on the proper identification of other occupations at step five. *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1995) (holding, on the basis of only one occupation, that ALJ satisfied step-five burden).

Accordingly, this Court adopts the conclusion presented in Judge Beckerman's F&R and affirms the Commissioner's decision.

---

[2] At the hearing, Plaintiff did not contest the job numbers for the positions of laminator-machine offbearer and usher, and such objection is generally required to trigger review. *See Shaibi*, 883 F.3d at 1108–09 (holding that when claimant fails to challenge a vocational expert's job numbers during administrative proceedings, claimant forfeits that challenge on appeal).

## CONCLUSION

This Court has reviewed de novo the portions of Magistrate Judge Beckerman's F&R to which Plaintiff objected and AFFIRMS the Commissioner's decision.

**IT IS SO ORDERED**.

DATED this 8th day of November, 2019.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
